UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INGRID JOHNSON,<br><br>                Plaintiff,<br><br>        v.<br><br>MONICA CARY[1], in her official capacity as King County Family Court Judge,<br><br>                Defendant. | CASE NO. C25-0564-KKE<br><br>ORDER DISMISSING CASE |

This matter comes before the Court upon *sua sponte* 28 U.S.C. §1915(e)(2) review of Plaintiff's civil rights complaint against Judge Monica Cary, in her official capacity. Dkt. No. 8. Plaintiff, proceeding *pro se*, filed an application to proceed *in forma pauperis* which was granted by the Honorable S. Kate Vaughan, U.S. Magistrate Judge. Dkt. Nos. 4, 7.

A complaint filed by any person seeking to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal by the Court "at any time" to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." However, to avoid

---

[1] The complaint's caption misspells Judge Cary's last name. *Compare* Dkt. No. 1-1, *with* Dkt. No. 1-3 at 7.

ORDER DISMISSING CASE - 1

dismissal for failure to state a claim upon which relief may be granted, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Sufficient factual allegations must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff sues King County Superior Court Judge Monica Cary under 42 U.S.C. § 1983 for violating her first and fourteenth amendment rights as follows:

- "Judge Cary imposed a mandatory two-week notice requirement for motions" which "eliminates the petitioner's ability to seek emergency appellate relief[.]" Dkt. No. 8 at 5–6.

- "[T]he order prohibits petitioner from accessing the court via email[.]" *Id.* at 6.

- "The court's prohibition on the petitioner's communication with court staff and the restriction of her ability to file emergency motions represent a clear violation of her First Amendment rights." *Id.* at 8.

- "Petitioner submitted requests to note an emergency motion regarding written fact and findings of law to be able to appeal. These were simply ignored. This Judge requires all scheduling to go through her bailiff." *Id.* at 9.

- Pro Tem Commissioner Javier Ortiz should have recused from holding a hearing in this case because he "had previously attempted to represent Petitioner in this matter[.]" *Id.*

Plaintiff concludes by stating "[b]ecause of the emergency nature of this injunction, petitioner cannot fully provide every violation of due process by Judge Cary and bailiff. However, if necessary, there are more that reflect the same legal and constitutional problems as above." Dkt. No. 8 at 10. In her request for relief, Plaintiff seeks to recuse Judge Cary, a declaration that Judge Cary violated Plaintiff's constitutional rights, and "[a]n immediate, independent review of all orders issued in the case from November 10, 2024 to present[,]" and a stay of those same orders.

ORDER DISMISSING CASE - 2

*Id.* at 11. Plaintiff submits with her complaint five exhibits: the March 26, 2025 case management order signed by Judge Cary (Dkt. No. 8-1), an August 2, 2023 police report (Dkt. No. 8-2 at 1–3), a January 2025 email thread with plaintiff and King County court staff (Dkt. No. 8-2 at 4), a November 29, 2024 contempt order against Plaintiff for failing to comply with a temporary parenting plan (Dkt. No. 8-3), and a December 23, 2024 email from Judge Cary's bailiff (Dkt. No. 8-4).

Plaintiff has filed an emergency motion (with a supplemental filing) to strike the case management order (Dkt. Nos. 5, 6) and a motion to amend the emergency motion (Dkt. No. 10). These filings provide additional information that allegedly supports Plaintiff's argument that Judge Cary "removed access to the courts" because "[t]he only permissible communication method was physical filing of documents—with required proof of service—using postal mail or in-person delivery." Dkt. No. 6 at 10. These documents also request additional relief, including actions regarding various non-parties. Dkt. No. 6-2.

The Court has thoroughly reviewed all of Plaintiff's filings and finds the case must be dismissed for two reasons.

First, Judges have absolute immunity for any acts they perform that relate to the "judicial process," regardless of the judge's alleged motives. *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002). Absolute immunity only fails to attach to judicial officers when they act clearly and completely outside the scope of their jurisdiction. *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985). Judicial immunity is not limited to judges and instead "[a]ll those who perform judge-like functions are immune from civil damages liability." *Ryan v. Bilby*, 764 F.2d 1325, 1328 n.4 (9th Cir. 1985). Plaintiff's claims against Judge Cary arise solely from Judge Cary's actions as a judge in a pending family court case and she is entitled to absolute immunity against the claims asserted here. *See Munoz v. Superior Ct. of Los Angeles Cnty.*, 91 F.4th 977, 981 (9th Cir. 2024) ("§ 1983's

plain text provides "judicial immunity from suit for injunctive relief for acts taken in a judicial capacity.").

Second, under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts must not interfere with pending state court litigation that implicates "important state interests." *Potrero Hills Landfill, Inc. v. Cnty. of Solano*, 657 F.3d 876, 881 (9th Cir. 2011). *Younger* abstention is required if the state proceedings (1) are ongoing, (2) implicate "important state interests," (3) provide an adequate opportunity to raise federal questions, and (4) if federal adjudication would enjoin or have the practical effect of enjoining the state proceeding. *Logan v. U.S. Nat'l Bank Ass'n*, 722 F.3d 1163, 1167 (9th Cir. 2013).

All of the *Younger* considerations are satisfied here. First, the dependency action out of which the claims arise remains ongoing, as evidenced by Plaintiff's request for "Judge Cary to recuse herself from further involvement in Case No. 18-3-05341-6 SEA." Dkt. No. 8 at 11. Second, the Ninth Circuit has held that ongoing family court matters like the one here implicate important state interests. *See H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). Third, while Plaintiff believes her access to the superior court has been unconstitutionally barred, the case management order states:

> Ms. Johnson may file any motions, pleadings or petitions that are well founded, based in fact, and made in good faith. Any petition, motion or request for hearing be [sic] filed in conjunction with all applicable court rules. All such requests need to be filed and served by United States Postal Service or hand delivered to the court. Email to the court is not authorized.

Dkt. No. 8-1 at 6. Plaintiff has sufficient access to the court to raise her concerns. Lastly, the injunctive relief Plaintiff seeks would have the practical effect of enjoining the state court proceedings.

Accordingly, because the sole defendant in this case has absolute immunity from Plaintiff's claims, and the *Younger* abstention doctrine applies, the Court lacks jurisdiction over this case.

ORDER DISMISSING CASE - 4

For both of these reasons, the complaint fails and cannot be cured. The Court thus DISMISSES the action WITH PREJUDICE and WITHOUT LEAVE TO AMEND under 28 U.S.C. § 1915(e)(2)(B). *See Anthony v. Segura*, No. 24-CV-00458-BAS-SBC, 2024 WL 3315996, at *4 (S.D. Cal. July 3, 2024) (dismissing case with prejudice based on *Younger* abstention and judicial immunity); *Goldblatt v. Doerty*, No. C11-0288RSL, 2011 WL 2565757, at *2 (W.D. Wash. June 28, 2011) (dismissing with prejudice based on judicial immunity), *aff'd*, 503 F. App'x 537 (9th Cir. 2013).

Because the case is dismissed with prejudice, the pending motion for temporary restraining order is denied as moot (Dkt. No. 5).

The Clerk is instructed to close the case.

Dated this 22nd day of April, 2025.

*[signature: Kymberly K. Evanson]*

Kymberly K. Evanson
United States District Judge

ORDER DISMISSING CASE - 5