UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INGRID JOHNSON,<br><br>                Plaintiff,<br>    v.<br><br>MONICA CARY, in her official capacity as King County Family Court Judge,<br><br>                Defendant. | CASE NO. C25-0564-KKE<br><br>ORDER DENYING PLAINTIFF'S MOTIONS |

This matter comes before the Court on Plaintiff's motion to reopen case, motion to strike dismissal with prejudice, and application for court-appointed counsel. Dkt. No. 14. For the reasons below, the Court denies all three motions and the case remains closed.

On April 22, 2025, the Court entered an order dismissing Plaintiff's case under 28 U.S.C. § 1915(e)(2) because "the sole defendant in this case has absolute immunity from Plaintiff's claims, and the *Younger* abstention doctrine applies[.]" Dkt. No. 12 at 4. The Court also ordered various briefs and exhibits to be sealed under Local Rule 5.2(a)(2) for including the name of a minor and instructed Plaintiff to file properly redacted copies.[1] Dkt. No. 11; W.D. Wash. Local Rules LCR 5.2(a)(2); *see also* Fed. R. Civ. P. 5.2(a)(3). On April 25, 2025, Plaintiff filed this

---

[1] Plaintiff has not yet filed the redacted versions of the documents identified in docket number 11, though indicated in her current motion that she is in the process of preparing them. Though this case will remain closed, she may nonetheless file the redacted copies so that the public record is complete.

ORDER DENYING PLAINTIFF'S MOTIONS - 1

emergency motion to reopen the case and to strike the prior dismissal order, and for appointment of pro bono counsel. Dkt. No. 14.

Plaintiff moves to reopen her case under Federal Rule of Civil Procedure 60(b)(1) and (6) which allow a court to set aside a judgment due to "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b); Dkt. No. 14-1 at 2. Plaintiff argues that "[t]he Court dismissed the action with prejudice—without reviewing any of the attached declarations, policy reports, or evaluations[.]" Dkt. No. 14-1 at 2. As the Court explained in its order dismissing the case, the Court "thoroughly reviewed all of Plaintiff's filings[.]" Dkt. No. 12 at 3. This review included the documents that the Court ordered Plaintiff to seal. *See* Dkt. No. 11. To be clear, the sealing of those documents protects them from public view but does not limit the Court's review. Plaintiff's Rule 60 motion fails to identify any mistake that would warrant setting aside the judgment and reinforces that judicial immunity and the *Younger* abstention doctrine apply. Accordingly, Plaintiff's motion to strike the dismissal order and reopen the case is DENIED. Dkt. No. 14.

Because the case remains closed, Plaintiff's motion for the appointment of counsel is also DENIED as MOOT. Dkt. No. 14.

Dated this 29th day of April, 2025.

Kymberly K. Evanson
United States District Judge