1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INGRID JOHNSON,

                Plaintiff,

     v.

MONICA CARY, in her official capacity as
King County Family Court Judge,

            Defendant.

CASE NO. C25-0564-KKE

ORDER DENYING PENDING MOTIONS

This matter comes before the Court on Plaintiff's pending motions. Dkt. Nos. 18, 21, 22, 23. For the below reasons, the motions are denied. *Id.*

On April 22, 2025, the Court dismissed Plaintiff's case with prejudice under 28 U.S.C. § 1915(e)(2)(B) because "the sole defendant in this case has absolute immunity from Plaintiff's claims, and the *Younger* abstention doctrine applies, [so] the Court lacks jurisdiction over this case." Dkt. No. 12 at 4. Plaintiff filed two motions to reopen under Federal Rule of Civil Procedure 60(b) (Dkt. Nos. 14, 16), which the Court denied because neither changed the dispositive fact that the sole defendant was entitled to judicial immunity (Dkt. Nos. 15, 17). The Court will now address Plaintiff's pending motions.

First, Plaintiff filed a third motion to reopen the case. Dkt. No. 18. Plaintiff argues reopening is warranted under Rule 60(b)(2), (3), and (6) "based on newly discovered evidence of non-judicial misconduct by King County court personnel." *Id.* at 1. Plaintiff attaches to her motion

to reopen: a motion to amend the complaint to remove Judge Cary and name new defendants "King County Superior Court Administration (official capacity), and Clerk and Bailiff Staff, John/Jane Does 1–10" (Dkt. No. 18-2); a motion for appointment of counsel (Dkt. No. 18-4); another copy of the previously denied April 23, 2025 motion to reopen (Dkt. No. 18-7); a motion for a jury trial (Dkt. No. 18-8); exhibits showing communications with and mailings to the King County court, King County orders and dockets, and documents referencing another federal district court case (Dkt. No. 18-10); and a declaration with more exhibits regarding her alleged lack of access to the King County court (Dkt. Nos. 20, 20-1, 20-2[1], 20-3).  Plaintiff also filed a notice of intent to file a writ of mandamus in the Ninth Circuit in the event Plaintiff's motion to reopen is not granted.  Dkt. No. 19.  Because Plaintiff cannot amend her complaint after final judgment has been entered, the only defendant remains Judge Cary who is entitled to judicial immunity.  *See Thrune v. Shetler*, 892 F.2d 1046 (9th Cir. 1989) ("[Plaintiff] now cannot amend her complaint because the case is closed after final judgment and there are no active pleadings to amend.") (unpublished); *Murphy v. Peters*, No. 4:22-cv-00008-SLG, 2022 WL 4386712, at *2 (D. Alaska Sept. 22, 2022) ("As a threshold matter, a litigant may not amend a complaint after a final judgment").[2]  Plaintiff's motion to reopen the case is DENIED.  Dkt. No. 18.

Second, Plaintiff filed additional emergency motions for various types of relief.  Dkt. Nos. 21[3], 22.  Plaintiff's filing begins with a proposed order granting emergency injunctive relief "to strike a June 26, 2025 in-person hearing scheduled in King County Superior Court Case No. 18-

---

[1] This document was sealed by the Court for including a minor's full name in violation of Local Rule 5.2(a)(2).  Local Rules W.D. Wash. LCR 5.2(a)(2).

[2] Plaintiff's arguments also continue to arise solely from pending state court proceedings which supports the Court's abstention under *Younger v. Harris*, 401 U.S. 37 (1971).

[3] This document was sealed by the Court for including a minor's full name in violation of Local Rule 5.2(a)(2).  Local Rules W.D. Wash. LCR 5.2(a)(2).

3-05341-6-MJC and to enjoin further enforcement of retaliatory and void orders issued after Plaintiff's custody judgment." Dkt. No. 21 at 1. Next, Plaintiff submits a declaration in support of a motion to consolidate King County Superior Court Civil Case No. 25-2-11385-0-SEA with this case. Dkt. No. 21-1. Plaintiff also attached a notice of related cases and proposed order citing King County cases 25-2-11385-0 SEA and 18-3-05241-6 MJC. Dkt. Nos. 21-2, 21-3. Finally, Plaintiff submitted an updated proposed order to consolidate. Dkt. No. 22. To the extent Plaintiff intends that these filings should be construed as motions, because this case is closed, the Court DENIES these motions as MOOT. Dkt. No. 21, 22. While the Court acknowledges Plaintiff's frustrations with respect to her ongoing state court custody proceedings, this Court has no authority to manage cases pending in the superior court and additionally denies these requests for relief on this basis.

Lastly, Plaintiff filed an additional motion to amend her complaint. Dkt. No. 23. As detailed above, because the Court already entered final judgment, Plaintiff cannot amend her complaint, and this motion is DENIED. *See Thrune*, 892 F.2d 1046. The Court will not entertain additional motions to amend the complaint in this closed case.

Plaintiff's motions are DENIED. Dkt. Nos. 18, 21, 22, 23.

The case remains closed.

Dated this 13th day of June, 2025.

Kymberly K. Evanson
United States District Judge